IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHARON B. ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-098 |
| | ) | |
| THE STATE OF GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). On July 18, 2008, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. See 28 U.S.C. §§ 1915(e) & 1915A. Because of pleading deficiencies in Plaintiff's complaint, the Court ordered her to amend her complaint. (Doc. no. 7).

Plaintiff was given fifteen (15) days to comply with the Court's July 18th Order, and she was warned "If Plaintiff wishes to pursue this case, she **MUST** amend the original complaint." (Id. at 4). The Court then cautioned Plaintiff, "If no response is timely received from Plaintiff, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice." (Id. at 5). Even though Plaintiff was granted two extensions of time file her amended complaint (doc. nos. 10, 12), she failed to do so. Instead, Plaintiff filed a "Request for Removal."[1] (Doc. no. 13).

---

[1] In this motion it appears Plaintiff is asking this Court to remove, in essence file her case, with the Supreme Court of the United States. Of note, Plaintiff does not cite to any

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . .").[2] Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply

---

authority in support of this proposition, she simply argues that the Supreme Court "has both original and appellate jurisdiction." (Doc. no. 13). First, this Court does not have jurisdiction to file Plaintiff's case with the Supreme Court. In general, civil actions are removed by the defendant or the defendants, not Plaintiff, and certainly not the Court. 28 U.S.C. § 1441. Second, the Court directed Plaintiff to file an amended complaint because pleading deficiencies prevented her from stating a claim upon which relief could be granted in her original complaint; as such, even if this Court could "remove Plaintiff's case" (which it cannot), there is no viable claim to be removed. Accordingly, Plaintiff's motion for removal should be denied.

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

with the Court's Orders, or even to provide the Court with an explanation for her failure to amend her complaint, amounts not only to a failure to prosecute, but also an abandonment of her case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[3] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice.[4] The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until

---

[3] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

[4] It is noteworthy, however, that it has previously been observed that Plaintiff, a former Georgia inmate, is an experienced *pro se* litigant with a history of vexatious conduct. See Ellison v. Masters Inn, Inc., Civil Case No. 105-173, doc. no. 73 (S.D. Ga. Aug. 29, 2006). In that Order, the presiding district judge noted that he had previously dismissed one of Plaintiff's cases *with prejudice* for her "deliberate, 'steadfast refusal to prosecute the case on its appointed trial date.'" Id. (quoting Bush v. Deputy Kukey, CV 100-154, doc. no. 68, p. 3 (S.D. Ga. Feb. 18, 2003)). The presiding district judge further cautioned Plaintiff:

> if she abuses the Court's leniency by renewing her pattern of frivolous and vexatious conduct, [the court would] consider the imposition of more severe and long-lasting sanctions, including an order restricting Plaintiff's ability to file further civil actions in this District without prior judicial approval. See, e.g., Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986) (*en banc*) (explaining that vexatious litigant may be "severely restricted as to what he may file and how he must behave in his applications for judicial relief").

Ellison, Civil Case No. 105-173, doc. no. 73.

such time as Plaintiff is willing to file his case <u>and pursue it</u>.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's "Request for Removal" be **DENIED**, that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of October, 2008, at Augusta, Georgia.

                                        W. LEON BARFIELD
                                        UNITED STATES MAGISTRATE JUDGE